CITIZENS LOAN & BUILDING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9118. Promulgated May 4, 1928.

*L. L. Hamby, Esq.*, for the petitioner.
*J. Arthur Adams, Esq., P. M. Clark, Esq.*, and *C. C. Holmes, Esq.*, for the respondent.

1010

1012

OPINION.

SIEFKIN: The question to be decided in this case is whether, during the years in controversy, the petitioner was a domestic building and loan association entitled to be exempt from taxation under the Revenue Acts of 1916, 1918, and 1921.

During the year 1917 the petitioner made loans to members or stockholders on mortgage security to the amount of $219,900 and to nonmembers or nonstockholders loans to the amount of $597,700. Thus of the total loans made on mortgage security about 26.9 per cent were loans to members or stockholders and about 73.1 per cent were loans to nonmembers or nonstockholders. At the close of the year 1917 there were loans outstanding to the amount of $2,429,566, but there is no evidence as to what proportion of this amount represents loans to members or to nonmembers. The petitioner received deposits during the year in the amount of $898,309.22, of which amount approximately 90 per cent was received from nonmembers or nonstockholders.

During the years 1918, 1919, and 1920 the same general situation existed, the percentage of loans to members being about 27.28 per cent in 1918, about 20.53 per cent in 1919, and about 10.7 per cent in 1920.

During the year 1921 the petitioner made loans to members or stockholders in the amount of $80,300 and to nonmembers or nonstockholders loans to the amount of $533,600. Of the amount of the total loans made then about 86.92 per cent was to nonmembers or nonstockholders and about 13.08 per cent to members or stockholders. During the year the petitioner received deposits in the amount of $1,331,883.07, of which amount approximately 90 per cent was received from nonstockholders or nonmembers. The loans outstanding on December 31, 1921, amounted to $3,386,358, but it is not shown what proportion of this amount represents loans to members.

The Revenue Act of 1916, which was in effect until February 24, 1919, the date of passage of the Revenue Act of 1918, provided:

SEC. 11. (a) That there shall not be taxed under this title any income received by any—
* * * * * * *
Fourth. Domestic building and loan associations and cooperative banks without capital stock organized and operated for mutual purposes and without profit.

The Revenue Act of 1918 contains language almost identical with the above.

The Revenue Act of 1921 provides:

SEC. 231. That the following organizations shall be exempt from taxation under this title—
* * * * * * *

(4) Domestic building and loan associations substantially all the business of which is confined to making loans to members; and cooperative banks without capital stock organized and operated for mutual purposes and without profit.

In *Johnstown Building & Loan Association*, 6 B. T. A. 463, we stated:

It thus appears that all the authorities agree that the distinguishing feature characteristic of building and loan associations is the substantial mutuality of benefit or its reverse existing between all members of each association, and that Congress in all of the Acts of 1909 to 1921 has granted an exemption from income and profits taxation only to those associations organized for mutual benefit or mutual purposes; that all of the authorities above cited agree that some measure of departure, like the borrowing of funds from nonmembers or the making of loans to nonmembers when done merely as an incident to the general purpose of the organization, does not defeat the exemption.

In *Broadview Savings & Loan Co.*, 10 B. T. A. 725, we said:

But the mutuality peculiar to building and loan associations is not confined alone to the participation of the members in sharing profits and losses. Such mutuality pertains also to the members of an ordinary commercial partnership or association, and to the stockholders of an ordinary corporation engaged in a business enterprise for profit, the income of which is subject to tax. The mutuality essential to a building and loan association must include not only a mutuality of right with respect to the control of the association, and a mutuality with respect to the assets of the association, but its primary design must be that of an instrumentality of mutual helpfulness among its members in saving and borrowing for home owning. *Lilley Building & Loan Co.* v. *Miller*, 280 Fed. 143.

\*　　\*　　\*　　\*　　\*　　\*　　\*

The fact that a corporation calls itself a building and loan association, or that it operates as such under the laws of a State, is not determinative of its true character. If the mutuality requisite to a building and loan association is lacking, it is not entitled to exemption from the Federal income tax.

As pointed out in the cited cases, in order to be entitled to exemption from taxation the association must have operated upon a mutual basis. Just how far an association might go in making loans to and receiving deposits from nonmembers without losing its exemption it is difficult to determine.

We are of the opinion, however, that during the years in controversy the petitioner, in this case, lacked the mutuality which is essential to a building and loan association.

We further find with regard to the year 1921, which is governed by the provisions of the Revenue Act of 1921, that substantially all of the business of petitioner was not confined to making loans to members as is required by section 231 (4) of the Revenue Act of 1921. See *Ditter Bros.*, 2 B. T. A. 421, and *Central Auto Equipment Co.*, 7 B. T. A. 1068, in which we held that 75 per cent of stock did not constitute "substantially all" the stock within the meaning of the Revenue Acts.

We must, therefore, hold that the petitioner is not entitled to exemption from taxation for any of the years in controversy.

*Judgment will be entered for the respondent.*